**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

REGINA R. FLOWERS,
        Appellant,

       v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
NY-0752-16-0288-I-1

DATE: January 31, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ena Thompson-Judd, St. Albans, New York, for the appellant.

Michael J. Berger, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Leavitt issues a separate dissenting opinion.

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which reversed the appellant's removal on due process grounds. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was a Nursing Assistant for the agency, stationed at the Veterans Administration Medical Center (VAMC) in Northport, New York. Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 7. Effective, August 6, 2016, the agency removed her for misconduct under 5 U.S.C. chapter 75. IAF, Tab 4 at 7-10. The appellant filed a Board appeal and requested a hearing. IAF, Tab 1. Although not raised by the appellant, during the hearing, the administrative judge identified a potential due process issue and developed the record concerning whether the appellant was afforded notice of the reasons for her removal and an opportunity to respond. IAF, Tabs 18-19, Hearing Compact Disc (HCD).

¶3      After the close of the record, the administrative judge issued an initial decision reversing the appellant's removal on due process grounds. IAF, Tab 22, Initial Decision (ID). Specifically, the administrative judge found that the appellant had requested an oral response and the agency scheduled one for her, but the agency subsequently canceled the oral response meeting, failed to

reschedule it, and ultimately issued its decision without hearing the appellant's response. ID at 3-6.

¶4          The agency has filed a petition for review, disputing the administrative judge's findings of fact and credibility determinations concerning the events that transpired around the appellant's request for an oral response. Petition for Review (PFR) File, Tab 1. The appellant has not responded to the petition for review.

## ANALYSIS

¶5          An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives her of her property right in her employment constitutes an abridgement of her constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). It is undisputed that the appellant in this case did not actually respond to the notice of proposed removal, either orally or in writing. IAF, Tab 4 at 8. The issue is whether the agency gave her a meaningful opportunity to do so. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999) (explaining that due process entails a meaningful opportunity to respond to the proposal).

¶6          The circumstances of this case arise from a prior, rescinded notice of proposed removal. Specifically, the agency originally proposed the appellant's removal on May 12, 2016, based on two charges of misconduct. IAF, Tab 4 at 11; HCD, Day 1 at 3:51:00 (testimony of the appellant). On June 14, 2016, the appellant met with the deciding official for an oral reply, but she did not give a reply at that time due to confusion concerning the charges.[2]  HCD, Day 1

---

[2] According to the appellant, when she appeared at this meeting, the agency, for the first time, presented her additional charges that were not part of the original May 12, 2016 proposal. HCD, Day 1 at 3:51:30 (testimony of the appellant). Therefore, the deciding

at 3:50:10 (testimony of the appellant). The deciding official permitted the oral reply to be rescheduled. *Id.* It appears that the oral reply was rescheduled for June 16, 2016. IAF, Tab 17 at 7. However, on that day, the agency learned that the appellant had designated a union representative, so it again postponed the oral reply date, pending communication with the appellant's representative.[3] *Id.* According to the appellant, the Human Resources Representative handling her case stated that he would call her and tell her when the rescheduled meeting would be, but this never happened. HCD, Day 1 at 3:55:10 (testimony of the appellant). On June 21, 2016, a Human Resources Representative emailed the appellant's union representative, asking whether the appellant still wished to give an oral reply. IAF, Tab 17 at 6-7. On June 23, 2016, the union representative responded, stating that she had been on travel but would speak with the appellant and let the agency know when she could come. *Id.* at 6.

¶7    It is undisputed that the appellant's union representative went to the Northport VAMC shortly thereafter—it would appear sometime between June 23 and June 27, 2016, and met with the Human Resources Representative. HCD, Day 1 at 4:35:15 (testimony of the union representative), 4:45:20 (testimony of the Human Resources Representative). However, there is conflicting testimony about what transpired. The appellant's union representative testified that she met with the Human Resources Representative about "several issues," including the appellant's case. The Human Resources Representative informed her that the appellant was on vacation, but that he would reschedule the oral reply meeting once the appellant returned. *Id.* at 4:26:00, 4:35:30 (testimony of the union representative). The appellant's union representative testified that she never heard back from the agency about the oral reply date. *Id.* at 4:36:30 (testimony of

official determined that the appellant should be afforded an additional 14 days to respond. *Id.* at 3:52:15 (testimony of the appellant).

[3] This union representative is the same individual who is representing the appellant in the instant Board appeal.

the union representative). The Human Resources Representative gave a different account. He testified that the appellant's representative met with him and two other agency officials about unrelated business, i.e. tours of duty for Nursing Assistants. *Id.* at 4:45:25 (testimony of the Human Resources Representative). He recalled that he and the union representative also engaged in some small talk, but he specifically denied that they discussed dates for an oral reply or any other aspect of the appellant's case. *Id.* at 4:45:45 (testimony of the Human Resources Representative).

¶8 Shortly thereafter, on June 27, 2016, the agency rescinded the original May 12, 2016 proposal notice and replaced it with a new notice of proposed removal containing additional charges. IAF, Tab 4 at 11. There is conflicting testimony about whether the appellant actually received this new proposal notice prior to receiving the decision under appeal. HCD, Day 1 at 3:55:45 (testimony of the appellant), 4:18:25 (testimony of the Nurse Manager). However, it is undisputed that the appellant's union representative received it no later than June 29, 2016, and that neither the appellant nor her representative contacted the agency at any point thereafter to schedule a reply to the new proposal. IAF, Tab 17 at 1; HCD, Day 1 at 4:32:10, 4:37:35 (testimony of the union representative), 4:44:45 (testimony of the Human Resources Representative). On or about July 14, 2016, the deciding official issued a removal decision, without having heard any reply from the appellant. IAF, Tab 4 at 8-10, Tab 17 at 4-5.

¶9 In her initial decision, the administrative judge credited the testimony of the appellant that it was always her intention to make an oral reply. ID at 5. The administrative judge also credited the testimony of the appellant's union representative that she orally requested a reply meeting when she met with the Human Resources Representative in June 2016. *Id.* The administrative judge found it immaterial that the agency subsequently rescinded and reissued the proposal, stating that it was "unreasonable on the part of the agency to require that [the appellant] make a new request to make an oral reply" to the revised

notice, "given that she had unequivocally expressed her desire to do so after receipt of the first notice of proposed removal." *Id.* The administrative judge further found that it was reasonable for the appellant and her representative to believe that the agency would schedule an oral reply meeting as requested. ID at 6. She concluded that "the agency was on notice that the appellant wished to given an oral reply, but failed to give her the opportunity to do so prior to the issuance of the decision," thereby violating her right to due process. *Id.*

¶10      On petition for review, the agency argues that the administrative judge did not adequately explain why she found the union representative's account of the June meeting more credible than the Human Resources Representative's account. PFR File, Tab 1 at 4-6. We disagree. To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). In this case, the administrative judge explained that she found the union representative "credible based on her demeanor. Her testimony was straightforward, unequivocal and detailed." ID at 5. The administrative judge further found that the union representative's version of events was consistent with her action of driving to the Northport VAMC prior to the issuance of the removal decision and was also consistent with her June 23, 2016 email, in which she conveyed to the agency her intent to meet with the deciding official for a reply. *Id.* Although the administrative judge did not discuss each and every one of the *Hillen* factors as they relate to both the union representative and the Human

Resources Representative, under the circumstances, this is not a sufficiently sound reason for us to disturb the administrative judge's findings. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must defer to an administrative judge's demeanor-based credibility determinations and may overturn such determinations only when it has "sufficiently sound" reasons for doing so); *see also Stein v. U.S. Postal Service*, 57 M.S.P.R. 434, 440 (1993) (holding that the administrative judge's decision not to discuss each and every *Hillen* factor did not mean he failed to consider them).

¶11        Moreover, even if we were to accept the agency's invitation to re-weigh the testimony without deference to the administrative judge, in light of all the *Hillen* factors, we would reach the same conclusion. Both the union representative and the Human Resources Representative had the same opportunity and capacity to observe what happened at the meeting, there is no relevant character evidence or prior inconsistent statement for either witness, and both the witnesses, as agents for the appellant and the agency respectively, had similar incentives for bias. Demeanor aside, the key factors that differentiate the testimony of these two witnesses are the inherent probability of their competing versions of events and how they fit in with the rest of the evidence. In this regard, we find it improbable that, immediately after expressing her desire for an oral reply in the appellant's case, the union representative would travel to the Northport VAMC on business and not raise the matter at all. Furthermore, the union representative's account of this meeting fits logically with the remainder of the evidence. Specifically, if the union representative had requested an oral reply during her meeting with the Human Resources Representative, this would explain why her previous email of June 23, 2016, conveyed a desire to schedule an oral reply meeting, but her subsequent email of June 29, 2016, email did not. IAF, Tab 17 at 1, 6. Although it is not, strictly speaking, logically inconsistent with the June 23 and 29, 2016 emails, the Human Resource Representative's account of the intervening meeting cannot explain why the appellant's union representative was pursuing an oral

reply before that meeting but not after it. For these reasons, we find no basis to depart from the administrative judge's credibility determinations.

¶12    The agency also argues that, even if the union representative had requested an oral reply during her meeting with the Human Resources Representative, this request pertained to the original May 12, 2016 proposal, and not to the June 27, 2016 proposal under which the appellant was ultimately removed. PFR File, Tab 1 at 6-8. It argues that *Massey v. Department of the Army*, 120 M.S.P.R. 226 (2013), and *Alford v. Department of Defense*, 118 M.S.P.R. 556 (2012), the cases that the administrative judge cited in support of her conclusion, are distinguishable from the instant appeal. *Id.*; ID at 6. Specifically, the agency argues that, in *Massey* and *Alford*, the respondent agencies failed to honor the appellants' clear and timely requests for oral reply, whereas the appellant in this case failed to make any clear request. PFR File, Tab 1 at 6-7. The agency states that it "took numerous affirmative actions to try and coordinate a reply," and that even if it were on notice that the appellant wanted an oral reply, "this does not create the requirement for the Agency to force a reply to happen." *Id.* at 7-8.

¶13    We have considered the agency's arguments, but we are not persuaded. We agree with the agency that, prior to the meeting between the union representative and the Human Resources Representative, it took numerous affirmative actions to coordinate a reply. However, the agency subsequently failed to carry out the singular important step of getting the response meeting on the deciding official's calendar and communicating the time and place of the meeting to the appellant. This was the step that the appellant was still waiting for the agency to complete when, on July 14, 2016, the agency issued its removal decision. Nor do we believe that the agency was absolved of carrying out the appellant's request when it rescinded the May 12, 2016 proposal and issued a new one in its place. Considering that the second proposal was issued the same day that the first one was rescinded and the two were factually related, we agree with the administrative judge that the agency remained on notice that the appellant wished

to make an oral reply. ID at 5. Just as agency continued to communicate with the same union representative, despite the appellant's failure to designate her in connection with what was technically a new removal action, so the agency should have continued with the process of scheduling an oral response in connection with that union representative's prior request. We acknowledge that, when the agency forwarded the union representative the new proposal on June 29, 2016, it stated that "[i]f [the appellant] chooses to do so, she has 14 calendar days to reply to the notice." IAF, Tab 17 at 1. However, we do not think that this seemingly boilerplate statement was sufficient to put the union representative on notice that the agency would not honor her previous request for an oral reply. As for *Massey*, 120 M.S.P.R. 226, and *Alford*, 118 M.S.P.R. 556, we agree with the agency that both of those cases involved fact patterns that are different from the one presented in this appeal. Nevertheless, we find that they are instructive on the general proposition that an agency is required to act with reasonable diligence in scheduling an oral reply when one is requested, and that an agency's failure to do is inconsistent with requirements of due process.

¶14     Finally, the agency urges the Board to analyze its failure to schedule an oral reply as a matter of procedural error rather than due process. PFR File, Tab 1 at 9. However, the initial decision that the agency cites in support of its argument has no precedential value and is not binding on the Board. *See Harris v. Department of the Navy*, 15 M.S.P.R. 464, 467 n.4 (1983). As explained above, the appellant reasonably relied on the agency to schedule an oral reply as requested, and by failing to do so, the agency deprived her of the ability reply to the proposed removal at all. This is a violation of the appellant's right to due process and requires automatic reversal of the action. *Schibik v. Department of Veterans Affairs*, 98 M.S.P.R. 591, ¶ 10 (2005).

**ORDER**

¶15     We ORDER the agency to agency to cancel the removal and to retroactively restore the appellant effective August 6, 2016.[4]  *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶16     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶17     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* [5 C.F.R. § 1201.181](#)(b).

¶18     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not

---

[4] We take notice that the agency removed the appellant again, effective April 4, 2017, the appellant appealed this subsequent removal to the Board, and the administrative judge issued a final decision dismissing the appeal for failure to prosecute.  *Flowers v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-17-0119-I-1, Initial Appeal File, Tab 4 at 8, Tab 21, Initial Decision.  Neither party petitioned for review, and that initial decision became the final decision of the Board.  *See* [5 C.F.R. § 1201.113](#).  Nothing in this nonprecedential Final Order should be interpreted as ordering relief in connection with the April 4, 2017 removal.

fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶19    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.

¶1    For the reasons set forth below, I respectfully dissent from the majority opinion in this case.

¶2    By letter dated May 12, 2016, the agency proposed to remove the appellant. *See* Initial Appeal File (IAF), Tab 4 at 11. On June 14, 2016, the appellant met with the deciding official for an oral reply, but did not ultimately go forward due to confusion concerning the charges. Hearing Compact Disc 1 (HCD) (testimony of the appellant). The oral reply was rescheduled for the afternoon of June 16, 2016. IAF, Tab 17 at 7-8. However, in the morning on that date, the appellant designated a new union representative. *Id.* at 7. The agency's Human Resources representative, S.S., informed the appellant's newly designated representative that the oral reply was scheduled for later that day and asked if she wished to reschedule. *Id.* It appears the appellant's representative neither appeared for the oral reply at the appointed time nor confirmed that she wished to reschedule. *See id.* at 6-7.

¶3    On June 21, 2016, S.S. followed up with the appellant's representative, noting the agency had "not received an indication" as to whether the appellant still wished to present an oral reply. *Id.* S.S. followed up with the representative yet again on June 23, 2016. *Id.* at 6. That day, the representative responded stating, "I will get to [the appellant] and let you know when I can come." *Id.* According to the representative, at some point thereafter, but before June 27, 2016, she had a meeting with S.S. and others, during which she asked S.S. to schedule an appointment for her and the appellant to meet with the deciding official. HCD (testimony of the appellant's union representative).

¶4		By letter dated June 27, 2016, the agency rescinded the May 12, 2016, proposal notice and issued a revised proposal to remove the appellant.  IAF, Tab 4 at 11.  On June 29, 2016, S.S. provided a copy of this new proposal notice and the associated evidence file to the appellant's representative by email.  IAF, Tab 17 at 1, 9.  In the body of his email, S.S. stated, "If Ms. Flowers chooses to do so, she has 14 calendar days to reply to the notice."  *Id.*  The attached proposal notice stated the same and also provided a telephone number for the appellant to call to "make arrangements for [her] oral reply."  IAF, Tab 4 at 12.  The appellant did not call the provided number by the 14-day deadline to schedule an oral reply.[1]  On July 14, 2016, the agency issued its decision to remove the appellant, effective August 6, 2016.  IAF, Tab 4 at 7-10, Tab 17 at 4-5.

¶5		The majority finds the appellant reasonably relied on the agency to schedule an oral reply, as she purportedly requested before the agency rescinded the May 12 proposal notice.  In the majority's view, at that point, the agency was responsible for getting the response meeting on the deciding official's calendar and communicating the time and place of the meeting to the appellant.

¶6		Like the majority, I find *Massey v. Department of the Army*, [120 M.S.P.R. 226](#) (2013) instructive in this appeal, but for a different reason.  In *Massey*, the agency granted the appellant an extension with respect to her oral reply, but did not make clear whether the deadline specified was the date by which the appellant must request an oral reply, or the date by which the oral reply must be completed.  *Id.*, ¶ 8. Without an "explicit statement" as to the terms of the extension, the appellant "reasonably surmised" the specified deadline was the date by which she must request an oral reply.  *Id.*

¶7		In this case, the June 27 proposal notice told the appellant she had 14 days to reply, and what she needed to do to schedule it.  The majority finds this "seemingly boilerplate statement" was not sufficient "to put the union

---

[1] Based on June 29, 2016, the reply deadline would have been July 13, 2016.

representative on notice that the agency would not honor her previous request for an oral reply." I see no reason why the appellant would ignore clear instructions, boilerplate or not. Regardless, in addition to the proposal notice itself, S.S. informed the representative of the 14-day deadline directly in the text of an email, which is clearly not boilerplate language. IAF, Tab 17 at 1. At that point, unlike the circumstances present in *Massey*, I do not believe the appellant and her representative could have reasonably continued to assume S.S. was working on scheduling an oral reply.

¶8        Assuming arguendo that the representative did ask S.S.—at some point between June 24 and June 26—to schedule a reply for the appellant, she does not assert that S.S. agreed to do so, or that they discussed any specific dates at that time. Upon receiving the email from S.S. on June 29, the representative did not seek any clarification from S.S., express any confusion, or in any way reference their prior conversation. Instead, she essentially did nothing. She admits that, other than requesting the evidence file, *see id.*, she made no further attempt to communicate with the agency regarding this matter after receiving the reissued proposal notice.[2] HCD (testimony of the appellant's union representative).

¶9        I see no agency negligence, design, or improper action that prevented the appellant from responding before a decision was made. *See Smith v. U.S. Postal Service*, 789 F.2d 1540, 1543 (Fed. Cir. 1986); *cf. Gordon v. Department of Agriculture*, 25 M.S.P.R. 438, 440 (1984) (where the appellant's attorney requested a hearing continuance after being told not to expect such request would be granted, the Board found the appellant's due process rights were not violated

---

[2] The appellant took no action, in the 3 weeks between the issuance of the removal decision and the effective date of her removal, to raise her due process argument to the agency. *See* HCD (testimony of the appellant's union representative). This may have been due to the erroneous advice of her representative. Specifically, her representative advised her that if she (the appellant) made any effort to discuss the removal decision with the deciding official, she would be precluded from filing a Board appeal and her only option would be to proceed through the negotiated grievance process. *Id.*

when the administrative judge held the hearing on the originally scheduled date notwithstanding that the appellant's attorney failed to appear, noting that a "reasonable attorney" would have confirmed whether the extension had been granted and would not have "assumed that the hearing had been continued"). Rather, she was given a clear deadline, with instructions to follow for scheduling, and she simply failed to comply. Accordingly, I would vacate the initial decision, find no due process violation, and remand the appeal for further adjudication on the merits.

/s/
_____
Tristan L. Leavitt
Member